UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROLAND EUGENE BLAIS                                    CIVIL ACTION

VERSUS                                                 NO. 12-2736

A. R. CHERAMIE MARINE                                  SECTION "R" (2)
MANAGEMENT, INC.

### ORDER AND REASONS ON MOTION

Plaintiff's Motion for In Camera Review of Privilege Log and Corresponding Documents to Assess Applicability of Privilege and Compel Production, Record Doc. No. 27, is currently pending before me in this matter. Defendant filed a timely written opposition memorandum, Record Doc. No. 31, and plaintiff was granted leave to file a reply memorandum in support of his motion. Record Doc. Nos. 34, 36-37.

Having considered the written submissions of the parties, the record, the oral argument conducted on August 7, 2013, and the applicable law, **IT IS ORDERED** that plaintiff's motion is DENIED, subject to the order contained herein.

This motion challenges the sufficiency of defendant's privilege log and the nine (9) items listed on it, the last six (6) of which are the separately written and recorded statements of three witnesses. On its face, defendant's first privilege log entry ["December 22, 2011 to present - any and all documents/records prepared in anticipation of litigation"] fails to meet the description specificity requirements of Fed. R. Civ. P. 26(b)(5). However, defendant has adequately explained in its written opposition memorandum that this first privilege log entry was intended as something like an introductory header referring to the

remaining more specifically described materials in the log. Plaintiff's counsel has conceded this point in his reply memorandum. Record Doc. No. 37. I am satisfied by defense counsel's explanation that this entry was merely odd and that defendant is <u>not</u> withholding any documents other than those more specifically described in the log from production on privilege or work product grounds.

As to the "investigation reports" listed in the second log entry and the six (6) witness statements, defendant, as the party resisting discovery, bears the burden of <u>proof</u> to demonstrate the existence of any privilege in the materials, including the attorney-client privilege and work product doctrine. <u>United States v. Newell</u>, 315 F.3d 510, 525 (5th Cir. 2002); <u>In re Santa Fe Int'l Corp.</u>, 272 F.3d 705, 710 (5th Cir. 2001); <u>Hodges, Grant & Kaufman v. United States</u>, 768 F.2d 719, 721 (5th Cir. 1985); <u>Ingraham v. Planet Beach Franchising Corp.</u>, No. 07-3555, 2009 WL 1076717, at *1 (E.D. La. Apr. 17, 2009); <u>Kiln Underwriting Ltd. v. Jesuit High Sch.</u>, No. 06-04350, 2008 WL 108787, at *4-5 (E.D. La. Jan. 9, 2008) (citing <u>Hodges</u>, 768 F.2d at 721); <u>United States v. Impastato</u>, No. 05-325, 2007 WL 2463310, at *2 (E.D. La. Aug. 28, 2007) (citing <u>United States v. Harrelson</u>, 754 F.2d 1153, 1167 (5th Cir. 1985); <u>United States v. Kelly</u>, 569 F.2d 928, 938 (5th Cir. 1978)). This is an evidentiary burden. In this case, as to the work product doctrine, I find that defendant has fully sustained this burden with the declaration under penalty of perjury of Rene A. Cheramie, defendant's president.

Work product protection from discovery extends to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for [a] party or its

2

representative (including the . . . party's attorney . . . or agent)," Fed. R. Civ. P. 26(b)(3)(A), but does not extend to the "underlying relevant facts." Blockbuster Entm't Corp. v. McComb Video, Inc., 145 F.R.D. 402, 403 (M.D. La. 1992) (citing United States v. El Paso Co., 682 F.2d 530, 542 (5th Cir. 1982); Hill Tower, Inc. v. Dep't of Navy, 718 F. Supp. 562, 566 (N.D. Tex. 1988)); accord 8 C.A. Wright, A.R. Miller & R.L. Marcus, Federal Practice and Procedure § 2024, at 494 (3d ed. 2010). The work product "privilege can apply where litigation is not imminent, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." Udoewa v. Plus4 Credit Union, 457 F. App'x 391, 393 (5th Cir. 2012) (quoting In re Kaiser Alum. & Chem. Co., 214 F.3d 586, 593 (5th Cir. 2000)) (internal quotation omitted) (emphasis added). "What is crucial is that 'the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" Robinson v. Tex. Auto. Dealers Ass'n, 214 F.R.D. 432, 449 (E.D. Tex. 2003) (quoting In re Kaiser Alum., 214 F.3d at 593) (emphasis added), rev'd on other grounds, 2003 WL 21911333 (5th Cir. July 25, 2003); accord Global Oil Tools, Inc. v. Barnhill, No. 12-1507, 2013 WL 1344622, at *6 (E.D. La. Apr. 3, 2013); Guzzino v. Felterman, 174 F.R.D. 59, 63 (W.D. La. 1997); Blockbuster, 145 F.R.D. at 404.

In addition, "[t]he law is settled that 'excluded from the work product doctrine are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation.'" Guzzino, 174 F.R.D. at 62 (quoting United States v. El Paso Co., 682 F.3d 530, 542 (5th Cir. 1982) (citing Fed. R. Civ. P. 26(b)(3) advisory committee

3

notes)); accord 8 C.A. Wright, A.R. Miller & R.L. Marcus, Federal Practice and Procedure § 2024, at 503 (3d ed. 2010); see also Hill Tower, Inc., 718 F. Supp. at 565 ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation when this document was drafted.") (citing Senate of P.R. v. U.S. Dep't of Justice, 823 F.2d 574, 586 (D.C. Cir. 1987); Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 865 (D.C. Cir. 1980)). Thus, "[i]f the document would have been created regardless of whether the litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation." Global Oil Tools, 2013 WL 1344622, at *6 (citing S. Scrap Mat'l Co. v. Fleming, 2003 WL 21474516, at *6 (E.D. La. June 18, 2003); Piatkowski v. Abdon Callais Offshore, L.L.C., No. 99-3759, 2000 WL 1145825, at *1 (E.D. La. Aug, 11, 2000)).

 Cheramie's declaration under penalty of perjury establishes that his primary purpose in hiring the claims service that prepared these materials was in anticipation of litigation. Cheramie states that he had previously terminated plaintiff for violation of company policy and had only recently rehired him, knowing he had allegedly suffered an injury while working for another company, from whom Blais had gotten a settlement based upon a claim relating to that injury. Given this history with and knowledge of the plaintiff, the circumstances of this unwitnessed accident credibly put Cheramie on notice, prompting him to anticipate litigation, and he hired the investigative claims service with that particular purpose in mind. There is nothing in the company policy relied upon by plaintiff requiring

4

preparation of a "non-conformity report" that rebuts Cheramie's declaration. Only the non-conformity report – which defendant has already produced to plaintiff – was required to be prepared in defendant's ordinary course of business, <u>not</u> the statements or the investigative reports, which clearly went beyond ordinary company policy and procedure. Under the particular circumstances of this case, the subject materials are work product protected from discovery by Rule 26(b)(3).

Having established that these materials are protected work product, plaintiff may nevertheless obtain production if he establishes that he has substantial need for the materials and cannot obtain this substantial equivalent without undue hardship. Fed. R. Civ. P. 26(b)(3)(A)(ii). Plaintiff has failed to do so in this case. There is no indication that these three witnesses, who remain employed by defendant, are now unavailable to be deposed or to otherwise provide their version of relevant events without undue hardship or that their recollection is now so poor that only their previously obtained statements – as opposed to their deposition testimony – will suffice. Before compelling the production of what clearly appears to be work product, I will require plaintiff to take the depositions of these witnesses or obtain sworn statements of his own, reserving plaintiff's right to move again for production of one or more of the statements if the depositions fail to provide the substantial equivalent or their recollection of relevant events must be refreshed by the statements. Fed. R. Evid. 612 made applicable to depositions by Fed. R. Civ. P. 30(c)(1).

Finally, as to the "[c]ommunication(s) and notes of communication(s) <u>between defense counsel</u> and employees and/or representatives of defendants" listed in the third

entry of the privilege log, this description alone, signed by counsel pursuant to Fed. R. Civ. P. 11 and 26(g), is sufficient to establish that these materials are privileged. Federal common law applies to assertions of privilege in this federal question case under the Jones Act. Fed. R. Evid. 501. The federal "attorney-client privilege protects <u>communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice</u>." The materials described in this entry are direct communications between lawyer and client about this case. Thus, the privilege log description alone is sufficient to establish that they are not discoverable.

For all of the foregoing reasons, the motion is denied, but reserving plaintiff's right to file a new motion if the planned depositions of the three witnesses and perhaps of Cheramie give plaintiff a good faith basis for doing so.

New Orleans, Louisiana, this ____7th____ day of August, 2013.

                                  JOSEPH C. WILKINSON, JR.
                                  UNITED STATES MAGISTRATE JUDGE