```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

ROLAND EUGENE BLAIS                          CIVIL ACTION

VERSUS                                       NO: 12-2736

A.R. CHERAMIE MARINE                         SECTION: R(2)
MANAGEMENT, INC., et al.

## ORDER AND REASONS

Before the Court is defendant Trailer Bridge, Inc.'s ("TBI") motion to dismiss the claims against it for lack of personal jurisdiction.[1] For the following reasons, the Court GRANTS TBI's motion.

### I. Background

Plaintiff Roland Blais alleges that he suffered shoulder injuries in an accident that occurred in Florida during the course of his employment.[2] He alleges that the accident occurred as he crossed from the M/V GULF CAJUN, an ocean-going vessel, to the ATLANTA BRIDGE, a barge.[3] Blais brought suit in this Court against his employer and later added three additional defendants, including TBI.[4] Blais alleges that TBI owned and/or operated the

---

[1] R. Doc. 41.

[2] R. Doc. 1 at 2.

[3] R. Doc. 25 at 2.

[4] R. Docs. 1, 16, 25.

ATLANTA BRIDGE.[5]

TBI, a Delaware corporation with its principal place of business in Florida,[6] moved to dismiss the claims against it for lack of personal jurisdiction.[7] *See* Fed. R. Civ. P. 12(b)(2). It asserts that it does not have sufficient contacts with Louisiana to support jurisdiction over it in this forum.[8] Blais does not contend that he has established the Court's jurisdiction over TBI.[9] Rather, he asks for limited discovery to determine whether TBI has sufficient contacts with Louisiana to support jurisdiction.[10]

## II. Legal Standards

*A. Personal Jurisdiction*

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quotation marks and ellipses removed). "When a nonresident defendant presents a motion to dismiss for

---

[5] R. Doc. 25 at 2.

[6] R. Doc. 41-3 at 1.

[7] R. Doc. 41.

[8] R. Doc. 41-1.

[9] R. Doc. 54.

[10] *Id.* at 2-5.

lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). Because Louisiana's long-arm statute, La. R.S. § 13:3201, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citing La. R.S. § 13:3201(B)).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316

(1945)).

"The 'minimum contacts' prong of the inquiry may be further subdivided into contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (quotation marks removed); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

General jurisdiction exists when the defendant has engaged in "continuous and systematic" activities in the forum state, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum. *Helicopteros*, 466 U.S. at 416; *Wilson*, 20 F.3d at 647. "[T]he continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853-54 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent

4

place, one in which the corporation is fairly regarded as at home.").

B.  *Jurisdictional Discovery*

The Court has broad discretion over all discovery matters. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). "The party seeking discovery bears the burden of showing its necessity." *Freeman v. U.S.*, 556 F.3d 326, 341 (5th Cir. 2009). A party is not entitled to jurisdictional discovery when the record shows that the requested discovery is not likely to produce the facts needed to support jurisdiction. *Id.* at 342. The Fifth Circuit has indicated that a party seeking jurisdictional discovery has the burden of making "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005); *see also Bowles v. Ranger Land Sys., Inc.*, 2013 WL 2666731, at *2 n.2 (5th Cir. 2013) (requiring "reasonably particular allegations"). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt*, 686 F.2d at 284.

**III. Discussion**

TBI submits that it is a Delaware corporation with its principal place of business in Florida; that none of its directors, officer or employees is a resident of Louisiana; and

5

that it does not have any offices or places of business in Louisiana.[11] Blais does not dispute these assertions and does not contend that he has made a sufficient showing to support jurisdiction over TBI. Rather, he requests jurisdictional discovery to determine whether TBI has "minimum contacts" with Louisiana.[12]

In support of his request for jurisdictional discovery, Blais points to materials on TBI's website indicating that the ATLANTA BRIDGE has visited New Orleans at least once,[13] that TBI advertises "nationwide trucking capability,"[14] and that TBI's "container reload program" is apparently available in Louisiana as well as in 21 other states.[15] Blais contends that, in light of these materials, jurisdictional discovery is warranted to determine whether the Court may exercise either specific or general jurisdiction over TBI.[16]

A.  *Specific Jurisdiction*

The accident alleged in this case took place in Florida.

---

[11] R. Doc. 41-3.

[12] R. Doc. 54 at 2-5.

[13] R. Doc. 54-1 at 7.

[14] R. Doc. 54-2 at 2.

[15] R. Doc. 54-3.

[16] R. Doc. 54 at 4-5.

Nonetheless, Blais asserts that the Court may have specific jurisdiction over TBI in this action, because a slide in a Powerpoint presentation posted on TBI's website indicates that the ATLANTA BRIDGE has sailed, at least once, from New Orleans to Nigeria.[17] Blais argues that the slide supports a preliminary showing of specific jurisdiction, because, "if the barge was in New Orleans on a voyage immediately preceding the voyage involving plaintiff's employer, then there potentially is a causal connection between TBI's contacts with this forum and plaintiff's injury."[18]

Blais fails to explicate this theory. Specific jurisdiction requires that the litigation arise out of or relate to the defendant's purposeful contacts with the forum. *Panda Brandywine*, 253 F.3d at 867. Blais does not explain how this litigation arises out of or relates to a prior visit the barge may have paid to New Orleans. Further, *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493 (5th Cir. 2012), on which Blais relies, does not help him. In that case, the Fifth Circuit held that the defendant's contacts with the forum, which amounted to taking possession and title of goods on 55 occasions at a port located in the forum state, were insufficient to support specific jurisdiction, because there was "little nexus" between this conduct and the

---

[17] R. Doc. 54-1.

[18] R. Doc. 54 at 4.

plaintiff's claims. *Id.* at 500. Here, similarly, Blais does not allege a plausible nexus between TBI's possible contacts with Louisiana and his claims alleging injuries sustained in Florida.

The Court finds that Blais has failed to make a preliminary showing of specific jurisdiction sufficient to warrant discovery.

*B.   General Jurisdiction*

Blais asserts as well that the Court may have general jurisdiction over TBI. The question here is whether TBI has engaged in "continuous and systematic" activities in Louisiana. As stated, general jurisdiction requires extensive contacts with the forum, such that a corporate defendant is fairly regarded as at home in the forum state. *Goodyear Dunlop*, 131 S.Ct. at 2853-54; *Submersible*, 249 F.3d at 419.

In *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 447-49 (1952), the Supreme Court held that exercise of general jurisdiction was proper when the defendant had temporarily relocated its headquarters to the forum state during World War II. By contrast, in *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 415-19, the Supreme Court held that the defendant's contacts with Texas were insufficient to support jurisdiction when it sent its chief executive officer to Texas for contract negotiations, accepted checks drawn on a Texas bank, purchased helicopters, equipment and training services in Texas

for substantial sums, and sent personnel to Texas for training. Similarly, the Fifth Circuit held that contacts were insufficient to support general jurisdiction in Louisiana when the defendant managed ships that called on Louisiana ports 20 times over a period of four to five years. *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990).

Viewed in a light favorable to Blais, the materials on TBI's website indicate that TBI's barges sometimes call on Louisiana ports and that its trucks sometimes pass through or deliver shipments to or from Louisiana. Such contacts are not so extensive as to indicate that TBI is "at home" in Louisiana. The Court finds that Blais has failed to make reasonably particular allegations supporting his theory that the Court has general jurisdiction over TBI. Accordingly, the Court denies Blais' request for jurisdictional discovery.

## IV. Conclusion

For the foregoing reasons, TBI's motion to dismiss the claims against it for lack of personal jurisdiction is GRANTED.

New Orleans, Louisiana, this ___8th___ day of November, 2013.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE